IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, #B79716, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-512-MJR |
| ) | |
| SGT. CHILDERS, C/O SMITHSON, C/O ) | |
| ANDERSON, C/O STARKEY, C/O ) | |
| BERNARD, LT. DALLAS, LT. SIEPP, ) | |
| UNKNOWN PARTIES, WEISLEY ) | |
| WILES, COUNSELOR McNABB, ) | |
| GRIEVANCE OFFICER THENNY, ) | |
| WARDEN MOTE, SHERRY HILE, ) | |
| and DIRECTOR WALKER ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

A review of the U.S. Marshal's Process Receipt and Return relative to defendant Sgt. Childers (Doc. 52) reveals that "Julie Potts, Admin. Asst." received service of summons and the complaint on behalf of defendant Childers, purportedly at Childer's place of abode. There is also a notation that defendant Childers is in Iraq. When the Marshal previously attempted to deliver a request for waiver of summons to Childers, officials at Menard Correctional Center where Childers is employed informed the Marshal that Childers is on military leave until 2008. (Doc. 47).

Federal Rule of Civil Procedure 4(e)(2) requires service to the person individually, or by leaving the documentation at the person's dwelling house or usual place of abode with a person of suitable age and discretion then residing there, or with an agent authorized to receive service.

The Court perceives that service was not made at Childer's place of abode, but rather at his usual place of business. It is rare that a correctional officer has an

1

administrative assistant at his abode.  Therefore, it does not appear that service has been properly effected upon defendant Childers.

Further complicating the situation is that if Childers is on military leave, the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522, providing for a stay of proceedings when a defendant is in military service, appears not to be applicable. Although the Court itself may invoke the stay provision, the Act requires that a service member have notice of the action.  At this juncture there is no indication that Childers has notice of this action.

**IT IS THEREFORE ORDERED** that, in order to make every effort to effect service of summons and the complaint upon defendant Childers:

(1) The Clerk of Court shall issue summons, a copy of the complaint, and a USM-285 form to the U.S. Marshal for service upon defendant Sgt. Childers; and

(2) The U.S. Marshal shall again attempt to effect service upon defendant Childers in the manner prescribed by Federal Rule of Civil Procedure 4(e)(2).

Plaintiff is forewarned that if the U.S. Marshal is unable to effect service of summons and the complaint upon defendant Childers, absent evidence that Childers has notice of the complaint, Childers is likely to be dismissed as a defendant.

**IT IS SO ORDERED.**

**DATED:  June 13, 2007**

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE
