IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, #B79716, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-512-MJR |
| ) | |
| SGT. CHILDERS, C/O SMITHSON, C/O ) | |
| ANDERSON, C/O STARKEY, C/O ) | |
| BERNARD, LT. DALLAS, LT. SIEPP, ) | |
| UNKNOWN PARTIES, WEISLEY ) | |
| WILES, COUNSELOR McNABB, ) | |
| GRIEVANCE OFFICER THENNY, ) | |
| WARDEN MOTE, SHERRY HILE, ) | |
| and DIRECTOR WALKER ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel.  **(Doc. 65).**  By order dated September 7, 2007, the Court explained that plaintiff had not set forth any special circumstances that suggest that he is unable to conduct discovery and represent himself.  The Court further found that plaintiff had filed numerous motions, all of which were well drafted and contain citations to appropriate authority– even if they had not all been successful.

Plaintiff now asserts that he has been denied critical discovery by the defendants and non-parties, which will hinder the identification of the "John Doe" defendants and the presentation of his case.  Plaintiff also cites his pro se status and the frequent "lock-downs" at Stateville Correctional Center, which limit his access to the law library and his litigation materials, which he asserts will cause him to miss deadlines.  The Court construes the subject motion as a renewed motion for appointment of counsel.

There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. **Jackson** v. **County of McLean**, **953 F.2d 1070, 1071 (7th Cir. 1992);** **see also 28 U.S.C. § 1915(d).** Nevertheless, due process concerns require the Court to inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" **Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)**; **see also Greeno v. Daley, 414 F.3d 645, 658(7th Cir. 2005); see also Pruitt v. Mote, No. 05-1620 (7th Cir. Oct. 3, 2007).** The Court of Appeals for the Seventh Circuit recently clarified in *Pruitt v. Mote* that relevant inquiry is whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial. **Id.**

A review of the record reveals that plaintiff has vigorously pursued discovery. As discussed in previous orders, plaintiff refuses to recognize that the defendants are sued in their individual capacities and they therefore do not have access to much of the documentation he seeks. Plaintiff has not demonstrated that he has requested discovery from those in actual possession of the documentation he seeks, although he has clearly demonstrated that he is able to do so without the assistance of counsel. Similarly, plaintiff's bald assertions that he is unable to access his legal materials and perform research are not well taken, particularly in light of the virtual cavalcade of motions he has filed. In any event, the Court is always willing to entertain a motion for an extension of time, if good cause for such an extension is shown.

**IT IS THEREFORE ORDERED** that the subject motion for appointment of counsel **(Doc. 65)** is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 13, 2007

                                                          s/ Clifford J. Proud
                                                          **CLIFFORD J. PROUD**
                                                          **U. S. MAGISTRATE JUDGE**