IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, #B79716, )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>SGT. CHILDERS, C/O SMITHSON, C/O )<br>ANDERSON, C/O STARKEY, C/O )<br>BERNARD, LT. DALLAS, LT. SIEPP, )<br>UNKNOWN PARTIES, WEISLEY )<br>WILES, COUNSELOR McNABB, )<br>GRIEVANCE OFFICER THENNY, )<br>WARDEN MOTE, SHERRY HILE, )<br>and DIRECTOR WALKER )<br>)<br>  Defendants. ) | No. 05-512-MJR |

**ORDER**

Before the Court is plaintiff's motion for reconsideration of the denial of his motion to serve defendant Childers in Iraq, or for an extension fo time to effect service, or to stay the case until Childers returns from military duty.  **(Doc. 68).**  By order dated September 11, 2007, the Court explained that if Childers was not served by November 16, 2007, he would likely be dismissed as a defendant, without prejudice.

Plaintiff argues that Childers' wife and children's knowledge of this action should be imputed to him, thereby triggering a stay under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 522.  There is simply no basis for such a maneuver in law or fact.  In the alternative, plaintiff would have the Court subpoena Childers' wife to learn Childers' exact whereabouts in Iraq, so that service could be effected.   Plaintiff is free to properly subpoena Childers' wife, but he will then have to navigate Federal Rule of Civil procedure 4(f), regarding the basis in international law for effecting service.

With all that said, plaintiff must be aware that it appears that the statute of limitations is tolled during Childers' military service, so if Childers is dismissed without prejudice from this action, another action could theoretically be filed.  **See 50 App. U.S.C. § 526.**

Insofar as plaintiff seeks to extend the time period to identify and serve "john Doe" defendants, plaintiff has demonstrated his ability to file a plethora of documents with the Court, and to propound discovery requests, so he could certainly have pursued the identities of the "John Doe" defendants in the two years this action has been pending.  Not having appointed counsel does not appear to be the impediment to plaintiff obtaining the information he seeks.  Furthermore, the appointment of counsel is not a cost-shifting procedure.  Plaintiff is encountering no greater difficulties than any other litigant (pro se or with counsel) would in similar circumstances.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 68)** is **DENIED IN ALL RESPECTS**.

**IT IS SO ORDERED.**

**DATED: November 13, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**