IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO,<br><br>        Plaintiff,<br><br>vs.<br><br>C/O SMITHSON, C/O ANDERSON,<br>C/O STARKEY, C/O BERNARD,<br>LT. DALLAS, LT. SIEPP,<br>UNKNOWN PARTIES,<br>WEISLEY WILES, COUNSELOR<br>McNABB, GRIEVANCE OFFICER<br>THENNY, WARDEN MOTE,<br>SHERRY HILE, and<br>DIRECTOR WALKER,<br><br>        Defendants. | Case No. 05-cv-0512-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Factual/Procedural Background

On July 25, 2005, Santiago filed this action against the Defendants under 42 U.S.C. § 1983, alleging that various defendants assaulted him, threatened him, and refused to provide adequate medical treatment. Santiago's amended complaint states that he is suing Defendants in their individual capacities (Doc. 11).

During the course of discovery, Santiago has requested a variety of documents from Defendants including his own medical records, copies of grievances filed by Santiago, photographs taken of his injuries, copies and reports of interviews with Santiago, names of unidentified prison employees, and reports related to any prior misconduct by the Defendants. **See Doc. 37-2.**

Defendants provided Santiago with documents that were responsive to some of his

-1-

requests. They objected to other requests on a variety of grounds (See Doc. 40). Defendants stated that many of the documents were not in their individual possession. Additionally, they explained that Santiago could obtain his own medical records by filing a request. Furthermore, Defendants claimed that some of the documents do not appear to exist. Finally, they argued that documents related to any prior misconduct are irrelevant as they do not pertain to the incident in question. **See Doc. 38-2.**

Dissatisfied with this response, Santiago moved the Court to compel Defendants to turn over the requested discovery (Doc. 37). On September 11, 2007, Magistrate Judge Clifford Proud denied the motion (Doc. 60). Judge Proud noted that many of the documents requested appear to be in the possession of the Illinois Department of Corrections, which is not a party to the lawsuit. Additionally, Judge Proud noted that Santiago could readily obtain copies of some of the requested documents on his own, such as his medical records. Finally, Judge Proud found that Santiago's request for the disciplinary histories of the Defendants was overly broad and irrelevant, because Santiago must establish his claims relative to the events in the complaint, not as a pattern of practice.

Santiago filed an objection to the Court's Order and again moved the Court to compel discovery (Doc. 67). Having fully considered the parties' filings, the undersigned District Judge **AFFIRMS** the Magistrate Judge's Order.

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the

magistrate judge's order found to be clearly erroneous or contrary to law."

**FEDERAL RULE OF CIVIL PROCEDURE 26(b)** provides that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Santiago argues that the Judge Proud's ruling denying the motion to compel is clearly erroneous and contrary to law because Judge Proud failed to consider the fact that Santiago has personal knowledge of the reports that Defendants claim do not exist, and because evidence of the guards' misconduct is discoverable under established legal precedent.

The Court first addresses the denial of Santiago's request to compel the production of records of misconduct involving those Defendants who are prison officials. Santiago appears to argue that evidence of prior misconduct is discoverable because it will be admissible at trial. Evidence of prior bad acts is inadmissable to prove character or action in conformity therewith, but may be admissible for other purposes. **FED.R.EVID. 404(b).**

As support for his position that evidence of prior misconduct will be admissible in this particular case, Santiago cites ***Perri v. Daggy*, 776 F. Supp. 1345, 1348 (N.D. Ind. 1991)**. However, *Perri* specifically states that the evidence in that case was admissible only against a supervisor to show that he knew or should have known of a problem and did nothing to stop it. *Id.* The District Court explicitly noted that evidence of prior misconduct was not admissible against the individual officers who allegedly perpetrated the assault. *Id.*

Here, Santiago's complaint makes no allegation that a supervisor knew or should have known of any officer's repeated use of force against inmates. Therefore, *Perri* is not

instructive on the issue at hand.

Santiago also cites ***Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993)**, for the proposition that evidence of prior assaults is relevant to determining an officer's possible motive and/or intent to harm prisoners. In *Wilson*, however, plaintiff attempted to elicit testimony from other victims that police officers committed similar assaults on them just a few days before the alleged assault on the plaintiff. *Id.* In each instance, plaintiff intended to argue that the assaults were intended to elicit confessions from suspects. *Id.* The Seventh Circuit held that this testimony should have been admitted under **FEDERAL RULE OF EVIDENCE 404(b)**: "Although evidence of prior bad acts is inadmissible to prove a propensity to commit such acts, it is admissible for other purposes, including intent, opportunity, preparation, and plan." *Id.*

Here, however, Santiago requests discovery on any possible grievance or action ever taken against the Defendants, regardless of whether the misconduct was close in time to his alleged assault, conducted in a similar manner, or undertaken for a similar purpose. This request is overly broad and irrelevant. *See Treece v. Hochstetler*, **213 F.3d 360, 363-64 (7th Cir. 2000) (explaining that in order for evidence of a prior bad act to be admissible under Rule 404(b), one requirement is that "the other act is similar enough and close enough in time to be relevant to the matter in issue").** In short, Santiago requests a fishing expedition. The only apparent connection between the information requested by Santiago and his case is the identity of the Defendants. Santiago does not provide a sufficient basis for the Court to compel Defendants to produce these records, as he has neither shown that such evidence would be admissible or reasonably calculated to lead to admissible evidence. Therefore, Judge Proud's ruling as to these documents is not clearly erroneous or contrary to law.

As to all other documents, Defendants explain that they do not possess the documents in question, and that if they exist, they are in the possession of the Illinois Department of Corrections. Judge Proud noted that the Illinois Department of Corrections is not a party to this action, and that all Defendants are individuals who appear to lack possession of the requested documents. Additionally, Judge Proud noted that severe sanctions will be imposed if it is later established that the Defendants' responses were false.

Judge Proud's ruling is not clearly erroneous or contrary to law, because there has been no showing that the documents are in the possession of any of the individual Defendants. It seems that if the requested documents exist, the Illinois Department of Corrections possesses them rather than the Defendants. As such, Judge Proud properly denied the motion to compel.

### C. Conclusion

Accordingly, the Court **DENIES** Santiago's motion (Doc. 67) and **AFFIRMS** the Magistrate Judge's ruling (Doc. 60).

**IT IS SO ORDERED.**

**DATED this 24th day of January 2008.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**