# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-cv-0512-MJR |
| | ) |
| C/O SMITHSON, C/O ANDERSON, | ) |
| C/O STARKEY, C/O BERNARD, | ) |
| LT. DALLAS, LT. SIEPP, | ) |
| UNKNOWN PARTIES, | ) |
| WEISLEY WILES, COUNSELOR | ) |
| McNABB, GRIEVANCE OFFICER | ) |
| THENNY, WARDEN MOTE, | ) |
| SHERRY HILE, and | ) |
| DIRECTOR WALKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 11, 2008, Magistrate Judge Clifford Proud ordered that Santiago serve Defendant Childers by November 16, 2007, or else Childers would be dismissed without prejudice (Doc. 62). Santiago moved for reconsideration of this deadline and requested an extension of time (Doc. 68). Magistrate Judge Proud denied Santiago's request (Doc. 76). Santiago again moved for reconsideration (Doc. 78), and the Court again denied Santiago's motion (Doc. 81).

Santiago failed to identify the whereabouts of Childers and serve him by November 16, 2007. Consequently, the undersigned District Judge dismissed the complaint against Defendant Childers without prejudice on November 30, 2007 (Doc. 83).

On December 13, 2007, Santiago filed the instant motion objecting to the Court's dismissal of Childers (Doc. 85). The Court construes Santiago's motion as a motion to alter or

-1-

amend under **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**.

Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 1006 (2007);** *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to reconsider is not an appropriate vehicle to introduce new legal theories);** *Publishers Resource v. Walker-Davis Publications*, **762 F.2d 557, 561 (7th Cir. 1985) (stating that a motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

Santiago's motion falls short of Rule 59(e)'s requirements. Santiago argues that the United States Marshals Service has unsuccessfully attempted to serve Childers at his home, as he is currently in Iraq on military duty. Santiago indicates that he wishes to subpoena Childers' wife in order to determine his exact whereabouts and moves the Court to set aside its Order dismissing Childers.

All of these issues have been previously raised before this Court.  Prior to the dismissal of Childers, Santiago informed the Court that Childers was on active military duty and could not be presently served.  Santiago also sought to subpoena Childers' wife in order to obtain information about his current whereabouts.  The Court's November 13, 2007 Order thoroughly addressed these issues, explaining that Santiago "is free to properly subpoena Childers' wife, but he will then have to navigate Federal Rule of Civil Procedure 4(f), regarding the basis in international law for effecting service" (Doc. 76).  Additionally, the Court noted that any dismissal of Childers would be without prejudice, and that such a dismissal would not prejudice Santiago, as the statute of limitations appears to be tolled during Childers' military service pursuant to 50 App. U.S.C. § 526.  The Court also addressed these very same issues in its November 27, 2007 Order (Doc. 81) in ruling on yet another of Santiago's motions to reconsider (Doc. 78).

As Santiago only raises issues that have already been considered in the Court's prior rulings, and the Court finds no manifest injustice in Childers' dismissal, Santiago has failed to make a sufficient showing under Rule 59(e) for this Court to alter or amend its November 20, 2007 Order.

Accordingly, the Court hereby **DENIES** Santiago's motion to alter or amend (Doc. 85).

**IT IS SO ORDERED.**

**DATED this 21st day of May 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**