IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-512-MJR-CJP** |
| | ) | |
| **SGT. CHILDERS, et al.**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's motion "Requesting the Levy of Penalties, Costs & Sanctions, Partial Default Judgement & an Order to Compel" [sic]. **(Doc. 87).** Plaintiff observes that the answer filed by defendants Smithson, Starkey, Barnard, Dallas, Siepp, Mote Hile, Walker, Anderson and Mitchell reflected that they "lacked knowledge" as to allegations that the Illinois State Police and FBI had investigated assaults against plaintiff, and that that investigation contributed to the defendants' collaborating to torment plaintiff, as alleged in the complaint. **(Doc. 32, p. 15).** Plaintiff then notes that during the discovery process, defendants Mitchell, Mote, Benton and Walker indicated there had been such investigations. Plaintiff argues that the defendants– at least Mitchell, Mote, Benton and Walker– should be sanctioned for making a false statement in their answer and thereby misleading plaintiff and the Court. Plaintiff further requests that the defendants be compelled to: (1) identify the investigating agents and reveal their names and addresses to plaintiff; and (2) obtain photographs and investigative reports and turn them over to plaintiff.

A review of the record reveals that after the subject motion was filed, the defendants filed

1

an amended answer, acknowledging that they did have knowledge of an investigation. **(Doc. 88, p. 15).** Defendants explain that they initially lacked sufficient knowledge of the issue, but during the discovery process, they confirmed the fact of the allegation regarding the investigation and amended their answer accordingly. **(Doc. 89).**

The Court does not perceive that the defendants' initial answer was made in bad faith. The defendants did not deny the allegation; rather, they indicated they lacked knowledge, which is often the case at the initial pleading stage. Therefore, no sanction is warranted.

Insofar as plaintiff seeks information about the investigators and photos and reports, he must propound a proper discovery request upon the defendants. Although plaintiff asserts that he has done so to no avail, he has not submitted his discovery request(s) and the defendants' response(s), as required by Local Rule 26.1(b)(3). Therefore, a motion to compel is not properly before the Court.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 87)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: September 12, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
