IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-512-MJR-CJP** |
| | ) | |
| **SGT. CHILDERS, et al.**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's "Rebuttal" to the defendants' response to plaintiff's request for production of documents. **(Doc. 95).** The Court construes plaintiff's "Rebuttal" as a motion to compel. Although plaintiff failed to provide the Court with copies of the discovery requests and responses at issue, the defendants have done so. **(Doc. 96-2).**

Plaintiff's discovery request appears to be primarily aimed at identifying the so-called "John Doe" defendants, although the requested materials could also serve to help identify other event witnesses. The Court previously gave plaintiff an extension of time until November 16, 2007, to identify the "John Doe" defendants and move to amend the complaint. **(Doc. 58).** The subject request for production was propounded on or about January 8, 2008, well after that deadline. That order warned plaintiff that no further extensions would be granted. Therefore, the subject motion will be addressed, but should not be construed as affording plaintiff another opportunity to amend his complaint. It is far too late in the course of this litigation to, essentially, start anew.

Plaintiff is seeking log books, work assignment sheets and photographs of guards, staff,

1

medical staff and civilians present at, or assigned to, the North 2 Segregation Unit on July 18, 2003. The defendants object that plaintiff's requests are vague, overly broad, unduly burdensome and a threat to security. In addition, defendants assert that roster sheets for July 2003– five years ago– no longer exit. Defendants also contend that prisoners should not be given photographs of prison personnel for security reasons.

Plaintiff's discovery request is sufficiently narrow and specific as to time and place within Menard Correctional Center for the defendants to identify any responsive documents in the possession, custody or control. Of course, there is nothing to be done if documents no longer exist. There is no evidence of any bad faith or destruction of evidence by the defendants.

If photographs exist of individuals present at the North 2 Segregation Unit on July 18, 2003, plaintiff must be afforded an opportunity to "put a name to a face." With that said, the Court appreciates the security concerns associated with allowing prisoners to possess photographs of prison officials and therefore will only require that plaintiff be allowed to view any photographs under the supervision of prison officials, and only for a limited period of time.

**IT IS THEREFORE ORDERED** that the subject motion to compel **(Doc. 95)** is **GRANTED IN PART AND DENIED IN PART**. On or before **September 30, 2008**, the defendants shall produce any log books, work assignment sheets and photographs of guards, staff, medical staff and civilians present at, or assigned to, the North 2 Segregation Unit on July 18, 2003, in their custody or control. Photographs shall be shown to plaintiff under the supervision of prison staff for a period of one hour. At the conclusion of the one hour period, the photographs or copies thereof shall be retained by defense counsel, Assistant Attorney General Ryan A. Nelson.

**IT IS SO ORDERED.**

**DATED:  September 15, 2008**

                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**
                                                **U. S. MAGISTRATE JUDGE**