IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-512-MJR-CJP** |
| | ) | |
| **SGT. CHILDERS, et al.**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's "Rebuttal" to the defendants' response to plaintiff's request for production of documents. **(Doc. 97).** The Court construes plaintiff's "Rebuttal" as a motion to compel. Although plaintiff failed to provide the Court with copies of the discovery requests, the defendants have provided the Court with the required information. **(Doc. 98-2).**

Plaintiff's discovery request may be tangentially related to aimed at identifying the so-called "John Doe" defendants, although the requested information is primarily aimed at identifying inmates who were event witnesses. The Court previously gave plaintiff an extension of time until November 16, 2007, to identify the "John Doe" defendants and move to amend the complaint. **(Doc. 58).** The subject request for production was propounded on or about January 8, 2008, well after that deadline. That order warned plaintiff that no further extensions would be granted. Therefore, the subject motion will be addressed, but should not be construed as affording plaintiff another opportunity to amend his complaint. It is far too late in the course of this litigation to, essentially, start anew.

1

Plaintiff is seeking the names, addresses and inmate identification numbers for all inmates housed in cells 101-110 and 301-310, North 2 Segregation Unit on July 18, 2003. The defendants object insofar as some of the inmates have been released from prison. Defendants further object to providing inmate identification numbers and addresses (in prison and outside prison), noting that such information could pose a security risk.

Defendants have provided plaintiff with a corresponding list of inmate names. In some instances, a prison facility is also identified. The Court appreciates the general security concerns associated with providing inmates with identification numbers and addresses for other inmates. However, the defendants cannot use vague security concerns, barely articulated, to stymie plaintiff's discovery efforts. The Court is aware that the Illinois Department of Corrections provides a procedural process for requesting permission to correspond with other inmates, and a means of conveying correspondence without revealing inmate identification numbers. As in hundreds of other cases involving inmates with which this Court has been involved, that process will have to be utilized. The Assistant Attorney General representing the defendants is expected to facilitate this process to ensure that plaintiff's discovery efforts are not unnecessarily obstructed. In no way is the Court otherwise interfering with the Illinois Department of Corrections' usual security procedures. If security issues arise in the course of conveying plaintiff's correspondence, a motion should be filed with the Court. Of course, if plaintiff requires the presence of inmates at trial, the Court will secure their presence.

With respect to those inmates now released from the Illinois Department of Corrections, *if* the defendants have knowledge of, or access to the addresses of those individuals, that information should be conveyed to prison officials who can relay plaintiff's mail just as they

would if those individuals were still incarcerated. Again, the Court merely expects institutional procedures already in place to be utilized.

**IT IS THEREFORE ORDERED** that the subject motion to compel **(Doc. 97)** is **GRANTED IN PART AND DENIED IN PART**. On or before **September 30, 2008**, the defendants shall provide plaintiff with a list of the names of all inmates housed in cells 101-110 and 301-310, North 2 Segregation Unit on July 18, 2003, indicating whether address information is available, and stating to whom plaintiff should contact about conveying his correspondence.

**IT IS FURTHER ORDERED** that defense counsel should contact the Court immediately if prison officials cannot or will not facilitate the aforementioned method for conveying plaintiff's discovery-related correspondence to other inmates and former inmates.

**IT IS SO ORDERED.**

DATED: September 15, 2008

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**