# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs** | ) | **CASE NO. 05-CV-512 -MJR-CJP** |
| | ) | |
| **C/O SMITHSON, C/O ANDERSON,** | ) | |
| **C/O STARKEY, C/O BERNARD,** | ) | |
| **LT/ DALLAS, LT. SIEPP, JOHN DOE,** | ) | |
| **WARDEN MOTE, SHERRY HILE,** | ) | |
| **DIRECTOR WALKER, and** | ) | |
| **J. MITCHELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

On July 25, 2005, Santiago filed the above-captioned action alleging that various prison staff brutally assaulted him, failed to provide adequate medical treatment, and otherwise retaliated against him (Doc. 1). In early June 2008, Santiago filed various motions seeking a stay of the proceedings, the recusal of the undersigned district judge, a change of venue, and a certificate of appealability (Docs. 104, 105, 106, & 107).

Therein, Santiago expresses his general discontent with the Court's rulings, including its refusal to compel certain discovery, refusal to appoint counsel, and dismissal of various defendants, particularly Sgt. Childers (see Doc. 83). Santiago argues that these rulings indicate that the Court is biased against him.

First, Santiago's motions for a change of venue and the recusal of the undersigned District Judge are without merit. **28 U.S.C. § 455** indicates that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . ." Additionally, "Factual averments of bias or prejudice must be more than the movant's mere conclusions, opinions, or rumors." ***Dyson v. Sposeep,***

**637 F. Supp. 616, 619 (N.D. Ind. 1986).** The fact that the Court's rulings have not been uniformly in favor of Santiago does not in any way suggest that the Court is biased against him or prejudiced in favor of the defendants. Santiago's suggestion that the Court has some hidden animus against him is merely the product of speculation and frustration. Indeed, Santiago provides no convincing reason why recusal is necessary or why a change of venue would be justified. As there is nothing to suggest that Santiago cannot receive a fair disposition of his case in this district with the undersigned District Judge presiding, the Court **DENIES** Santiago's motions for recusal of the undersigned judge and a change of venue (Docs. 104 & 107).

As for Santiago's motion for a certificate of appealabilty, the Court notes that no final judgment has been entered in this action. Accordingly, Santiago may only take an interlocutory appeal if the Court submits in writing that the Order from which the appeal is taken "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." **28 U.S.C. § 1292.** Neither is true in this instance, and the Court declines to permit any such appeal at this time. As a result, the Court hereby **DENIES** Santiago's motion for a certificate of appealability (Doc. 106).

Finally, there is no basis for entering a stay of the proceedings, given that the Court has denied Santiago's motions for recusal, change of venue, and a certificate of appealability. Accordingly, the Court **DENIES** Santiago's motion to stay proceedings (Doc. 105).

**IT IS SO ORDERED.**

**DATED this 16th day of September 2008.**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**