IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FABIAN SANTIAGO**, | ) |
| Plaintiff, | ) |
| V. | ) Civil No. **05-512-MJR-CJP** |
| **SGT. CHILDERS, et al.**, | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's "Motion Requesting an Injunction, Order of Protection for Witnesses." **(Doc. 142).** Also before the Court is the defendants' response **(Doc. 145),** and plaintiff's reply **(Doc. 146)**.

Plaintiff seeks a court order directing the Illinois Department of Corrections to allow plaintiff to communicate with other inmates who are potential witnesses relevant to the above-captioned civil rights action. Plaintiff contends that correspondence from two inmates, Andrew Aspelmeier and Dale Anderson, illustrate that inmates fear retaliation from the defendants and/or their agents if they become witnesses in this case. Plaintiff acknowledges that the Court has already ordered that he be permitted to correspond with other inmates for discovery purposes, but he asserts that "God only knows how many inmate witnesses have refused to come forward and speak to the plaintiff about such transpiring [sic], because such inmate witnesses fear for their (inmates [sic]) health and safety."

As a preliminary matter, the Court notes that plaintiff does not seek an injunction in the usual sense, as he has failed to identify any defendant in this action intimidating a witness in this

1

action.  Therefore, plaintiff lacks standing to move for any traditional form of injunctive relief. Rather, plaintiff's motion is more akin to a motion to compel and for a protective order relative to the discovery phase of this case.  Construing the motion in this manner will permit full consideration of the motion, rather than dismissing it out of hand based on the lack of standing.

Inmate Andrew Aspelmeier does not make any reference to fear or intimidation.  He does indicate he feels he has "done his part, " insofar as he spoke to "I.A."– Internal Affairs.  Inmate Dale Anderson does clearly mention security concerns, but it is not entirely clear whether his concerns stem from his knowledge regarding this action, or the various other matters unrelated to this case that are discussed in his letter.  In any event, Anderson does not specify any basis for his fear of retribution, or anyone who has actually threatened or intimidated him.  Moreover, both inmates' letters were actually addressed to Assistant Attorney General Ryan Nelson, not to plaintiff.  Consequently, the Court is confident those inmates can communicate with prison and law enforcement officials in order to secure protective measures, as they deem necessary.

Plaintiff has acknowledged that he is able to seek discovery from other inmates, albeit in a somewhat stilted manner due to prison procedures.  Apparently, plaintiff is disappointed that his witnesses and potential witnesses have not been more forthcoming, which is not something that can be cured with a court order.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 142)** is **DENIED** in all respects.

DATED: June 9, 2009            s/ Clifford J. Proud
                                                                       CLIFFORD J. PROUD
                                                                       U. S. MAGISTRATE JUDGE