IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO**, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) | Civil No. **05-512-MJR-CJP** |
| **SGT. CHILDERS, et al.**, | ) ) ) | |
| Defendant. | ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's motion to compel the defendants to allow his access to Internal Affairs records. **(Doc. 147).** Plaintiff contends several of the defendants have security clearances that allow them access to such records, but that unspecified "security concerns" have been used to excuse production of the requested materials. Plaintiff also suggests that the requested documents should have been turned over in the defendants' required initial disclosures.

The defendants respond that the initial disclosure requirement is inapplicable in this prisoner civil rights action and, in any event, it does not mandate production of evidence, only the disclosure of descriptive information. They also assert that they are not in possession of the requested materials and must request the documents from the Illinois Department of Corrections; therefore they can only turn over to plaintiff what has been turned over to them. Defendants further explain that as materials are turned over to the defendants, they are turned over to plaintiff, and that process is ongoing. The defendants elaborate that security concerns include the possibility that plaintiff could retaliate against persons named in the Internal Affairs reports.

1

The defendants correctly observe that Federal Rule of Civil Procedure 26(a)(1) does not mandate the defendants produce materials as part of their initial disclosures, so that procedural mechanism will not secure plaintiff the Internal Affairs materials he seeks. Nevertheless, plaintiff has propounded a valid request for production of seemingly relevant information.

In response to the request for production, the defendants responded that: (1) the materials sought contained sensitive information which, if tuned over, would pose a security threat; and (1) the defendants are not in possession of responsive materials. They did transmit some materials to plaintiff, but withheld others based on "security concerns." There is certainly a basis for plaintiff to request that the "security concerns" be evaluated more closely, but the issue is not properly before the Court.

The defendants are sued in their individual capacities, and even though they are IDOC employees who may have access to Internal Affairs materials in their professional capacities, they are not the IDOC and cannot simply collect and distribute IDOC materials. As the defendants have explained, they too must request documents from the IDOC in the same manner required of plaintiff. Nevertheless, <u>as a courtesy</u>, the defendants have been cooperative in conveying materials to plaintiff. Although the defendants do not have standing to make security objections and decisions that are the prerogative of the IDOC, they certainly may refuse to voluntarily convey materials to plaintiff when they perceive the IDOC would not have done so. Plaintiff must request (subpoena) the materials from the IDOC himself. If the IDOC seeks a protective order based on security concerns, then the issue will be properly before the Court.

The defendants have generally indicated that they are continuing to receive materials from the IDOC in response to their discovery requests, and that responsive materials that they

deem appropriate will be conveyed to plaintiff. From plaintiff's perspective this process allows the defendants to control what evidence he may access. However, plaintiff is ignoring that the defendants in many instances are merely turning over materials they have gathered during discovery as a courtesy. *See* **Fed.R.Civ.P. 26(b)(3).**

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 147)** is **DENIED** in all respects.

**DATED: June 10, 2009**　　　　　　　　　　**s/ Clifford J. Proud**
　　　　　　　　　　　　　　　　　　　　　　**CLIFFORD J. PROUD**
　　　　　　　　　　　　　　　　　　　　　　**U. S. MAGISTRATE JUDGE**