IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-512-MJR-CJP** |
| | ) | |
| **SGT. CHILDERS, et al.**, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's motion to compel the defendants to produce: (1) administrative directives regarding the procedures and medical fitness evaluations necessary to place an inmate behind a solid door in the segregation unit; and (2); the defendants' disciplinary histories and reports of misconduct. **(Doc. 150).** Plaintiff also asks the Court to compel FBI Special Agent David Hardy to produce un-redacted investigatory materials in response to plaintiff's request made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. **(Doc. 155).**

The defendants object that release of the Administrative directives would potentially pose a threat to security and are irrelevant, inadmissible and not likely to lead to admissible evidence. The defendants also object that the Court has already ruled that plaintiff is not entitled to their disciplinary records, that such files are irrelevant and are confidential under 80 Ill.Admin.Code 304.40. **(Doc. 151).**

With respect to the Administrative directives, the Court questions the defendants' actual standing to object based on security concerns that appear to be the prerogative of the IDOC. In

1

any event, the Administrative Directives and the propriety of placing plaintiff behind a solid door is tangential to plaintiff's claim in Count 1 that defendants Mitchell and Childers (who has been dismissed without prejudice) used excessive force or failed to intervene when excessive force was used against plaintiff. Similarly, the Administrative Directives are tangential to the claims excessive force in Count 3, the conditions of confinement claim in Count 5, and the retaliation claim in Count 8– particularly since the solid door is not mentioned in the complaint. **(*See* Docs. 1, 10 and 11).** Even assuming plaintiff's placement behind a solid door in Menard Correctional Center or Pontiac Correctional Center was against prison directives, that fact is not dispositive to any of plaintiff's constitutional claims and the Court cannot fathom how the Administrative Directives will lead to admissible evidence that is relevant to those claims.

By order dated September 11, 2007, the Court ruled that the defendants' disciplinary histories and other grievances lodged against them were irrelevant. **(Doc. 60).** Again, plaintiff's excessive force, retaliation and conditions of confinement claims must be established relative to the situation at issue, not a pattern and practice of behavior. Plaintiff's second request for the same materials must fail for the same reasons.

In his reply to the defendants' response to the subject motion, plaintiff explains that FBI investigatory materials secured via a FOIA request were redacted to such a degree that they provide little useful information. Plaintiff asks that the Court compel the responding FBI agent to produce un-redacted versions. Plaintiff has not provided the Court with a copy of the FOIA request and response, so the Court can only analyze the issue based on the information provided by plaintiff. Plaintiff did not utilize a subpoena issued in connection with this action to seek FBI investigatory materials; rather, he utilized a separate and distinct mechanism– a FOIA

request– to secure the materials. The FBI agent responding to the request is not a defendant in this action, and the FOIA request is not a discovery mechanism contingent upon this action. Consequently, the request is not properly within the Court's jurisdictional sweep; plaintiff must initiate a separate legal action to challenge the FBI response. *See* **5 U.S.C. § 552(a)(4)(B).**

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 150)** is **DENIED** in all respects.

| | |
|---|---|
| **DATED: June 10, 2009** | s/ Clifford J. Proud<br>**CLIFFORD J. PROUD**<br>**U. S. MAGISTRATE JUDGE** |