# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> C/O SMITHSON, C/O ANDERSON, ) <br> C/O STARKEY, C/O BERNARD, ) <br> LT. DALLAS, LT. SIEPP, ) <br> WARDEN MOTE, SHERRY HILE, ) <br> DIRECTOR WALKER, and ) <br> J. MITCHELL, ) <br> ) <br> Defendants. ) | Case No. 05-CV-0512-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On July 25, 2005, Santiago filed this action under 42 U.S.C. § 1983 alleging that various defendants assaulted him, threatened him, and refused to provide adequate medical treatment. Santiago's amended complaint states that he is suing Defendants in their individual capacities (Doc. 11).

During the course of discovery, Santiago has filed numerous motions to compel along with motions requesting that the Defendants be sanctioned for discovery fraud. Magistrate Judge Proud has repeatedly denied Santiago's motions. Now before the Court are Santiago's objections to the Magistrate Judge's rulings.

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to

-1-

the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

**1. Discovery Disputes and Santiago's Motions for Sanctions**

First, the Court addresses Santiago's objections regarding discovery disputes and the Court's refusal to issue sanctions against the Defendants. Santiago complains that various defendants have not been adequately forthcoming when responding to discovery requests about FBI and Illinois State Police investigations regarding the alleged assaults against Santiago. Magistrate Judge Proud has repeatedly declined to sanction the defendants, noting that Santiago has presented no proof of fraud in the discovery process (Docs. 112 & 113).

Judge Proud also denied Santiago's motion to compel the Defendants to identify investigating agents and obtain reports prepared during the course of any internal investigations, because Santiago failed to submit copies of his specific discovery requests accompanied by the Defendants' responses as required by Local Rule 26.1(b)(3) (Doc. 112).

Similarly, Judge Proud denied Santiago's motions to compel the Defendants to turn over internal affairs records maintained by the Illinois Department of Corrections on the grounds that the individual Defendants do not actually possess these documents (Doc. 158).[1]

Additionally, Judge Proud denied Santiago's request that the Court compel FBI Special Agent David Hardy to produce unredacted investigatory materials in response to Santiago's Freedom of Information Act requests (Doc. 159). Judge Proud found that a FOIA denial is not

---

[1] Judge Proud did note that the Defendants had, as a courtesy to Santiago, provided him with certain documents they do possess related to this issue, even though they are under no direct obligation to do so (Doc. 158).

within the scope of this action, since Hardy is not a Defendant and the FOIA request is separate and distinct from the discovery mechanisms employed by the Court. In the same Order, Judge Proud denied Santiago's motion to compel the defendants to turn over disciplinary records, administrative directives, and fitness evaluations. Judge Proud found these requests irrelevant and tangential to the proceedings. Moreover, in prior rulings, the Court already found that the defendants' disciplinary records were irrelevant and confidential under 80 Ill.Admin.Code 304.40 (*see* Doc. 151).

Finally, Judge Proud denied Santiago's motion asking the Court to sanction the Defendants for their refusal to turn over July 2003 log books and work assignment sheets (Doc. 138). The Defendants claimed that these files do not exist, but Santiago asserted that the Defendants were lying. Lacking any actual evidence that the Defendants' discovery response was fraudulent, the Court denied Santiago's sanctions request.

Santiago objects to each of these rulings (Docs. 120, 121, 139, & 161). Though each objection deals with a slightly different aspect of discovery, all of them must be overruled due to Santiago's complete failure to support his claims of discovery fraud with any actual evidence. Rather, his motions and the instant objections amount to little more than angry rants that disagree with the Court's rulings. The Court cannot grant sanctions against a Defendant, however, simply because the Plaintiff forcefully asserts that they are hiding the ball. In short, there is no actual evidence that the Defendants have lied to Santiago or otherwise engaged in fraudulent conduct. Indeed, as to some of Santiago's discovery requests, Defendants initially claimed that they lacked sufficient information to respond, but later amended their responses to directly answer Santiago's questions. Amending their responses after investigation reveals pertinent information supports the conclusion that the Defendants are making a good faith effort to fully respond to Santiago's

discovery requests—not that they were lying in the first instance.

Additionally, Santiago has not provided the Court with anything that would suggest his motions to compel were wrongfully denied. The Defendants are not required to turn over information that is irrelevant or not in their possession. Moreover, the Court cannot force non-parties to submit information to Santiago where he has failed to properly obtain and execute a subpoena. Santiago's dissatisfaction with the Court's rulings on these issues is not sufficient to warrant a reversal of Judge Proud's rulings.

In short, Santiago has failed to establish that Magistrate Judge Proud's rulings on these discovery issues were clearly erroneous or contrary to law. As a result, the Court **OVERRULES** Santiago's objections (Docs.120, 121, 139, & 161) and **AFFIRMS** Judge Proud's rulings (Docs. 112, 113, 138, 158, & 159).

**2. Defendants' Motion to Amend their Answers**

Santiago also objects to Judge Proud's decision to permit the Defendants to amend their answers to include the defense that Santiago failed to exhaust administrative remedies (Docs. 175 & 177). Defendants argued that Santiago's failure to exhaust came to light only while preparing for Plaintiff's deposition (Doc. 165). Santiago claims that amendment of the answer at this stage of the litigation is prejudicial and that, in any case, he has exhausted his administrative remedies (Doc. 180).

Judge Proud's decision to permit the Defendants to amend their answers is neither clearly erroneous nor contrary to law. **FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)** provides that "[t]he Court should freely give leave [to amend the pleadings] when justice so requires." Additionally, the Court notes that Santiago will have an adequate opportunity to respond to any

suggestion that he failed to exhaust his administrative remedies in the course of briefing the pending motion for summary judgment.

Consequently, the Court **OVERRULES** Santiago's objection (Doc. 180) and **AFFIRMS** the Magistrate Judge's rulings (Docs. 175 & 177).

### 3.  Denial of Additional Time to Identify John Doe Defendants

Finally, Santiago objects to Magistrate Judge Proud's denial of an extension of time to identify John Does (Doc. 122).  In denying Santiago's motion, Judge Proud recognized the substantial length of time that the case has been pending (Doc. 111).  Most importantly, however, Judge Proud noted that the Court had already granted Santiago an extension of time to identify all John Doe defendants and file an amended complaint (*see* Doc. 58).  At that time, the Court put Santiago on notice that no further extensions would be granted.  Consequently, when Santiago asked for yet another extension, Judge Proud denied the motion.

Santiago's objection to this ruling is essentially that the Court did not afford him an adequate opportunity to engage in meaningful discovery, given that Santiago's motions to compel have been repeatedly denied.  Santiago has failed to show that his motions to compel were improperly denied.  In many cases, he sought discovery that either did not exist or was not in the possession of the Defendants.  Santiago also claims that Magistrate Judge Proud corrupt and deceptive.  Such allegations are completely unfounded and unsupported.   In fact, once it was clear he would not be able to meet the initial deadline, Judge Proud gave Santiago an extension.  A further extension was not warranted in light of the Court's prior warnings and the age of the case.

Yet again, Santiago has failed to establish that Magistrate Judge Proud's ruling was clearly erroneous or contrary to law.  As a result, the Court **OVERRULES** Santiago's objection

(Doc. 122) and **AFFIRMS** the Magistrate Judge's ruling (Doc. 111).

### C. Conclusion

Accordingly, the Court **OVERRULES** Santiago's objections (Docs. 120, 121, 122, 139, 161, & 180) and **AFFIRMS** the Magistrate Judge's rulings (Docs. 111, 112, 113, 138, 158, 159, 175, & 177).

**IT IS SO ORDERED.**

**DATED this 11th day of August 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**