# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-CV-0512-MJR ) |
| C/O SMITHSON, C/O ANDERSON, C/O STARKEY, C/O BERNARD, LT. DALLAS, LT. SIEPP, WARDEN MOTE, SHERRY HILE, DIRECTOR WALKER, and J. MITCHELL, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On July 25, 2005, Santiago filed this action under 42 U.S.C. § 1983 alleging that various defendants assaulted him, threatened him, and refused to provide adequate medical treatment (Doc. 1). Santiago's amended complaint states that he is suing Defendants in their individual capacities (Doc. 11).

In the course of discovery, Santiago sought documentation from which he could identify various John Does named in the complaint. On September 15, 2008, the Court ordered the Defendants to produce any and all log books, work assignment sheets, and photographs of any guards, staff, medical staff, and civilians present at the North 2 Segregation Unit on July 18, 2003 (Doc. 114). The Defendants conducted a search and were unable to locate any documentation of who was present on that day, and found no log books or work assignment sheets for the date in question (Doc. 124). Santiago argued that the Defendants were lying and filed a motion for sanctions (Doc. 132), which was denied (Doc. 138). Ultimately, the John Doe defendants were

dismissed because Santiago could not identify them (Doc. 137).

Now, Santiago seeks reinstatement of all John Doe defendants, requests a hearing to determine the identities of the John Doe defendants, and asks for an Order finding the Defendants in contempt for refusing to disclose the identities of the John Does earlier (Doc. 140). Santiago argues that this course of action is required by the Seventh Circuit's ruling in *Fillmore v. Page*, **358 F.3d 496 (7th Cir. 2004)**. However, Santiago misreads *Fillmore*.

First, the issue there was not whether unidentified John Doe defendants could be dismissed due to a plaintiff's failure to properly prosecute. The Court instead considered whether the Court could properly enter judgment in favor of various Defendants pursuant to **FED. R. CIV. P. 52(c)** based on partial findings developed during the separate trial of another Defendant. Thus, the method and stage of dismissal was drastically different in that case, and was undertaken at a much later stage.

Moreover, the issue with which the Court was faced was entirely different. There, the plaintiff claimed that he had been attacked by various guards who were members of the prison's Tactical Team. He named a number of the team members as defendants, but noted that he could not identify which of those individuals were responsible for certain incidents. The Seventh Circuit admonished the District Court for failing to make sufficient findings. Specifically, the court explained:

> It is important initially to distinguish between two possible situations: first, that the unknown officers administering the beating were among the individuals [plaintiff] sued, and second, that they were not (*i.e.*, that they were additional Tactical Team members who had never been named as defendants and served with process). If the latter proves to be true, then [plaintiff] is probably out of luck. These events took place in 1997, well outside the two-year limitations period that applies to Illinois § 1983 claims in the absence of any kind of tolling. *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th

> Cir. 2002). If the former is true, however, then the defendants are already properly before the court, and the only task is the collection of the right information. What this record currently lacks is a finding of fact about which, if any, of the defendants pressed [plaintiff's] face up against the bars outside the Segregation Unit, and whether [plaintiff] was really beaten upon his arrival at the cell in which he was ultimately housed.

*Id.* **at 508.**

Thus, the District Court was directed to (1) determine whether the alleged events occurred, and if so, (2) determine which of the named defendants undertook the alleged acts. Here, the Court is not faced with a situation where Santiago claims that one of the named defendants is also the John Doe who undertook the conduct in question. Rather, Santiago's complaint makes it clear that the John Does are different from those Defendants already named in the action.

It is true that the Court is obligated to aid plaintiffs in using the discovery process to identify John Does and amend the complaint. However, Santiago was given ample opportunity to do so, including an extension of time to identify all unnamed parties (Doc. 79), and yet could not identify them. Discovery began in October 2006. The John Doe defendants were not dismissed until October 28, 2008, at which point Santiago was no closer to identifying the individuals in question. Dismissal of these defendants without prejudice was proper. There is no compelling reason to reinstate them at this late date.

Thus, for all of the reasons explained herein, the Court now **DENIES** Santiago's motion to reinstate the John Doe defendants (Doc. 140).

**IT IS SO ORDERED.**

**DATED this 11th day of August 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**