# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-CV-0512-MJR |
| | ) |
| C/O SMITHSON, C/O ANDERSON, | ) |
| C/O STARKEY, C/O BERNARD, | ) |
| LT. DALLAS, LT. SIEPP, | ) |
| WARDEN MOTE, SHERRY HILE, | ) |
| DIRECTOR WALKER, and | ) |
| J. MITCHELL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On July 25, 2005, Santiago filed this action under 42 U.S.C. § 1983 alleging that various defendants assaulted him, threatened him, and refused to provide adequate medical treatment (Doc. 1). Santiago's amended complaint states that he is suing Defendants in their individual capacities (Doc. 11).

During the course of discovery, Santiago requested an injunction requiring the Illinois Department of Corrections to permit him to communicate with other prisoners who are potential witnesses in this action and ensure their safety (Doc. 142). Santiago argued that injunctive relief was necessary because other inmates were afraid to come forward given repeated threats from prison guards. In support of his motion, Santiago included letters from two inmates, which were each submitted to the Defendants' counsel.

Magistrate Judge Proud noted that Santiago failed to identify any defendant in this

-1-

action who was involved in the alleged intimidation. As such, Judge Proud determined that Santiago lacked standing to obtain any traditional form of injunctive relief. But rather than dismissing the motion out of hand on these grounds, Judge Proud construed Santiago's filing as a motion to compel and for a protective order (Doc. 156).

Judge Proud explained that a Court Order cannot cure the fact that Santiago's fellow inmates have not been more forthcoming. Judge Proud also noted that one of the letters provided by Santiago never actually indicates that the inmate fears reprisal if he comes forward. The other letter is not entirely clear that the inmate, Dale Anderson, is reluctant to come forward due to his knowledge about the facts of this case, rather than other unrelated matters he relates in his correspondence. Accordingly, Judge Proud denied Santiago's motion.

On June 26, 2009, Santiago filed an objection to Judge Proud's ruling (Doc. 162). **FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Judge Proud's ruling was neither clearly erroneous nor contrary to law. First, the Court agrees that Santiago cannot obtain the particular injunctive relief he requests. As far as the Court can glean, Santiago's motion seeks either to protect third-party inmates from intimidation, which he lacks standing to do, or else to obtain an injunction against non-parties, which this Court has no power to impose.

Judge Proud could have stopped there, but opted to construe Santiago's document as a motion to compel and for a protective order. Even under that analysis, Santiago failed to

establish that any inmate is being intimidated so as to prevent them from coming forward in this particular case. Accordingly, the relief sought by Santiago cannot be granted.

For these reasons, the Court **OVERRULES** Santiago's objection (Doc. 162) and **AFFIRMS** the Magistrate Judge's ruling (Doc. 156). To the extent that Santiago's filing seeks any other relief, that motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 11th day of August 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**