IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| FABIAN SANTIAGO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil No. **05-512-MJR-CJP** |
| **SGT. CHILDERS, et al.**, | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's motion for "the levy of penalties, cost, & sanctions" against defense counsel, Assistant Attorney General Ryan Nelson. **(Doc. 164).** According to plaintiff, when attorney Nelson appeared to depose plaintiff, and plaintiff informed Nelson of the motion he had filed seeking to essentially quash the deposition on various procedural grounds, Nelson became angry and threatened that plaintiff's case could be thrown out if plaintiff refused to submit to deposition. Plaintiff further contends Nelson's insistence on conducting the deposition when plaintiff was unprepared was prejudicial and that Nelson's harassment intimidated plaintiff and caused him to guess at answers to the deposition questions. Plaintiff asks that a monetary sanction be imposed, upon attorney Nelson, and that use of plaintiff's deposition testimony at trial be barred.

In response, Assistant Attorney General Nelson merely reiterates his response to plaintiff's motion attacking the deposition notice. **(Doc. 167).**

By separate order the Court has ruled on plaintiff's motion regarding the propriety of the deposition. At this juncture the Court will only observe that the dispute between plaintiff and

1

attorney Nelson is merely a difference of opinion regarding various procedural issues, and neither gentleman acted in bad faith. Therefore, no sanction is appropriate.

With respect to the use of plaintiff's deposition testimony, plaintiff has not specified how he was prejudiced, and no deposition transcript has been submitted for review. Plaintiff indicates that he voiced his objection(s) during the deposition, presumably noting if and when he required information that he had not been able to gather. Therefore, the Court will not bar defendants from using plaintiff's deposition testimony.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 164)** is **DENIED** in all respects.

DATED: August 14, 2009         s/ Clifford J. Proud
                                CLIFFORD J. PROUD
                                U. S. MAGISTRATE JUDGE