IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FABIAN SANTIAGO**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **05-512-MJR-CJP** |
| ) | |
| **SGT. CHILDERS, et al.**, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Santiago's "Motion Objecting to: (1) the Court's order **(Doc. 202)** denying an earlier motion **(Doc. 195)** to compel David M. Hardy of the F.B.I., and Michael P. Randle, Director of the Illinois Department of Corrections, to comply with subpoenas for the production of documents, served on or about August 19, 2009; and (2) the Court's order **(Doc. 203)** denying plaintiff's earlier motion for court-ordered access to the prison law library. **(Doc. 205)**. Plaintiff's motion is construed as seeking reconsideration of the Court's orders on these issues **(Docs. 202 and 203)**.

Plaintiff's motion **(Doc. 205)** is granted insofar as the Court will reconsider its prior orders.

The Court previously ruled that the subpoenas at issue were served after the June 30, 2009, discovery cutoff. Plaintiff now argues that the Court has discretion to reopen discovery. Plaintiff is correct about the Court's discretion. However, more than enough time has been allotted for discovery and this case has been pending for five years. The Court will not reopen discovery. Plaintiff will simply have to proceed with whatever discovery he obtained within the

prescribed period.  Therefore, the Court will not alter its previous order **(Doc. 202)**.

The Court previously concluded that because there are no pending deadlines for plaintiff to meet, and a date for the final pretrial conference has not been set, plaintiff's motion for access to the law library was anticipatory and unnecessary.  When a report and recommendation is issued relative to the defendants' motion for summary judgment, plaintiff will have a deadline for filing any objections thereto.  Plaintiff will also conceivably need time to prepare a final pretrial order, and then to prepare for trial.  The Court is confident that prison officials are aware of their obligations not to obstruct plaintiff's access to the courts, which includes the litigation of this case (pretrial and for trial).  The Court will not disrupt prison operations and interfere with library scheduling or enter an anticipatory order.  As the Court noted before, if plaintiff believes prison officials are violating his constitutional rights, he should pursue administrative grievances and file suit if necessary.

**IT IS THEREFORE ORDERED** that the subject motion for reconsideration **(Doc. 205)** is **GRANTED IN PART AND DENIED IN PART**, in that the Court has reconsidered its previous rulings, but has found no basis for altering those orders **(Docs. 202 and 203)**.

DATED: January 25, 2010

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**