IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN SANTIAGO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-512-MJR-CJP** |
| | ) | |
| **SGT. CHILDERS, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court are several related motions, all of which have been fully briefed by the parties:

1. Plaintiff Santiago's motion to compel defendants Anderson, Barnard, Dallas, Hile, Mote, Siepp and Smithson to produce their personnel files (Docs. 243, 249 and 253);

2. Plaintiff Santiago's motion to enforce a subpoena directed at Pontiac Correctional Center for the production of defendants Smithson, Barnard, Dallas, Siepp, Mote and Hile's personnel files (Docs. 244, 250 and 254);

3. Plaintiff Santiago's motion to enforce a subpoena directed at the Illinois Department of Corrections ("IDOC") for the production of various documents (Docs. 245 and 251); and

4. Plaintiff Santiago's amended motion to enforce a subpoena directed at the Illinois Department of Corrections ("IDOC") for the production of defendants Smithson, Barnard, Dallas, Siepp, Mote and Hile's personnel files (Docs. 252, 255 and 256).

Plaintiff explains that, for purposes of impeachment, he is seeking evidence of incidents similar to the cell search/conditions of confinement and retaliatory action alleged in this action. Defendants object that their personnel files are irrelevant, inadmissible and not likely to lead to admissible evidence, and that the request is overly broad, unduly burdensome and would violate the

confidentiality protections afforded under 80 Ill.Admin.Code 304.40 and Public Law 105-277 § 101(b), Title I, § 127 (1999). Defendants also assert that they "may" be prejudiced if the requested information is turned over, but they do not specify how. In a presumably related argument, defendants contend that plaintiff's discovery request exceeds the bounds of the supplemental discovery permitted by the Court after counsel was appointed to represent plaintiff.

As a preliminary matter, the Court must reject the defendants' contention that plaintiff's discovery requests exceed the scope of supplemental discovery contemplated by the Court. The appellate court's decision in another case filed by plaintiff, *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010), makes clear that newly appointed counsel should be permitted to "back-track" to gather discovery. This Court does not perceive any prejudice to the defendants, and even they have been unable to identify any prejudice that would stem from allowing plaintiff's counsel to gather that which be considered "standard" in any other scenario.

Federal Rule of Civil Procedure 26(b) permits the discovery of information reasonably calculated to lead to the discovery of relevant information. Personnel files are an obvious source of background information about a party, which is typically relevant and/or leads to relevant information for trial. Plaintiff is willing to accept a narrower range of information: portions of the personnel files that relate to plaintiff; portions that relate to other lawsuits filed against the defendants (prior to or after the filing of this action), and portions relating to demerits, citations or other discipline levied against the defendants. (Doc. 253, p. 2.) Plaintiff's limited request is not overly broad or burdensome. Moreover, that information falls within the ambit of relevance– which is not to definitively say that the same evidence will ultimately be admissible.

The confidentiality protections offered by 80 Ill.Admin.Code 304.40 and Public Law 105-

277 § 101(b), Title I, § 127 (1999), are similar. This Court is not bound by 80 Ill. Admin. Code § 304.40(a), but does have security concerns related to allowing an inmate to have access to information about prison officials, such as addresses, phone numbers, personal identifiers and other typically confidential information. However, plaintiff's narrowed request does not specifically seek that information or documents that would contain such information. If such information is a part of any records that fall within the scope of plaintiff's request, then that information shall be redacted from the documents turned over to plaintiff and plaintiff's counsel. In an effort to maintain prison security, counsel shall maintain any documents that are turned over, and shall not permit plaintiff himself to copy said information in any fashion.

In terms of logistics, at this juncture there is no dispute that the defendants' personnel files are not in the possession of the defendants or Pontiac Correctional Center; rather, the records must be obtained from the IDOC. Therefore, plaintiff's amended motion to enforce the subpoena directed to the IDOC is the relevant procedural mechanism for obtaining the requested information– meaning request 6, seeking personnel records. The subpoena itself appears to be proper.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Santiago's motion to compel defendants Anderson, Barnard, Dallas, Hile, Mote, Siepp and Smithson to produce their personnel files (Doc. 243) is **DENIED**;

2. Plaintiff Santiago's motion to enforce a subpoena directed at Pontiac Correctional Center for the production of defendants Smithson, Barnard, Dallas, Siepp, Mote and Hile's personnel files (Doc. 244) is **DENIED**;

3. Plaintiff Santiago's motion to enforce a subpoena directed at the Illinois Department of Corrections ("IDOC") for the production of various documents (Doc. 245) is **DENIED AS MOOT** (*see* Doc. 252); and

4. Plaintiff Santiago's amended motion to enforce a subpoena directed at the Illinois Department of Corrections ("IDOC") for the production of

defendants Smithson, Barnard, Dallas, Siepp, Mote and Hile's personnel files (Doc. 252) is **GRANTED**.

**IT IS FURTHER ORDERED** that, in accordance with the aforestated analysis, on or before **October 28, 2010**, the Illinois Department of Corrections shall turn over to plaintiff's <u>counsel</u> the following information from the personnel files of defendants Robert S. Smithson, James Barnard, Benny Dallas, Paul Siepp, Stephen Mote and Sherry Hile (Benton): portions of the personnel files that relate to plaintiff; portions that relate to other lawsuits filed against the defendants (prior to or after the filing of this action), and portions relating to demerits, citations or other discipline levied against the defendants, with personal identifies, such as the defendants' addresses and Social Security numbers, redacted.

**IT IS FURTHER ORDERED** that the defendants shall execute any authorizations that may be required to facilitate the conveyance of the information from their personnel files.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall maintain any documents that are turned over, and shall not permit plaintiff himself to copy said information in any fashion.

**IT IS SO ORDERED.**

**DATED: October 21, 2010**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

4