IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05–512–cv–MJR–CJP |
| | ) |
| C/O ANDERSON, C/O BERNARD, LT. | ) |
| DALLAS, LT. SIEPP, and C/O SMITHSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**Reagan, District Judge:**

### A. Introduction

Plaintiff Fabian Santiago moves this Court to reconsider its March 22, 2010 Order (Doc. 228) adopting the Report and Recommendation of Magistrate Judge Clifford J. Proud (Doc. 213) and granting, in part, Defendants' Motion for Summary Judgment (Doc. 168). For the reasons set forth below, Santiago's motion is denied.

### B. Background

The genesis of this action and its procedural history are outlined in detail in Magistrate Judge Proud's January 25, 2010 Report and Recommendation (Doc. 213). In his Motion to Reconsider, Alter or Amend, Santiago challenges this Court's partial granting of summary judgment in favor of Defendants (Doc. 213). Santiago contends that "this Court would have analyzed Defendants' motion for summary judgment differently in light of the Seventh Circuit's opinion in *Walls* [*Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010)], as well as Defendants admission

that investigative action had been taken on Santiago's August 29, 2003 grievance" (Doc. 233, p. 2). Santiago brings his motion under either FEDERAL RULE OF CIVIL PROCEDURE 59(e) or Rule 60(b).

### C. Analysis

Initially, this Court must determine whether Santiago's motion should be analyzed under Rule 59(e) or Rule 60(b). Technically a "Motion to Reconsider" does not exist under the FEDERAL RULES OF CIVIL PROCEDURE. The Seventh Circuit has held, however, that motions challenging the merits of district court orders and judgments should be treated as filed under either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original), *citing Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach—that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions—no longer applies").[1] Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), *citing United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992); *see also*, *Talano v. NW Med. Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

Here, Santiago's Motion to Reconsider was filed well outside of the 28 day period mandated by Rule 59(e). Santiago makes the novel argument that because this Court's March 22,

---

[1] The Court's modifications reflect the time allotted for filing such a motion (now 28 days) under the current version of FEDERAL RULE OF CIVIL PROCEDURE 59(e) which went into effect on December 1, 2009.

2010 Order dismissed the entire action, it effectively "tolled the time for filing a motion under Rule 59(e)" (Doc. 233, p. 4). As a result, Santiago claims that his Motion to Reconsider, filed on May 26, 2010 (over 60 days after the Court's March 22, 2010 Order was entered), was timely filed because his case was not reinstated until May 20, 2010. This argument however is not only unavailing, but also defies the logical purpose of Rule 59(e). "Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). Santiago's case however never left this Court "for good" because a Final Judgment was never entered; nor was an appeal taken. Further, Santiago cites no legal authority for the notion that dismissing an action acts to toll the Rule 59(e) filing period, and this Court cannot find any. Indeed, "a district court may *not* extend the time within which a party may move to alter or amend a judgment under Rule 59(e)." *Hope*, 43 F.3d at 1143; *see also*, *Morris v. Unum Life Ins. Co. of America*, 430 F.3d 500, 502 (1st Cir. 2005); *Weitz v. Lovelace Health Sys, Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000). At bottom, Santiago's motion was not timely filed under Rule 59(e) and as a result, this Court will analyze the motion under the Rule 60(b) framework instead.[2]

---

[2] Even if, for the sake of argument, Santiago had filed his motion within 28 days, it is unlikely that he would have prevailed. Under Rule 59(e), there are only three grounds upon which a motion may be granted: "newly discovered evidence, an intervening change in the *controlling* law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (citations omitted) (emphasis added). Santiago's first argument—that because Defendants' admitted that investigative action had been taken on Santiago's August 29, 2003 grievance, there was nothing more he could have done to exhaust the grievance process— is a non-starter (*see* Doc. 233, p. 2, 11-12). By his own admission, Santiago has been aware of this evidence since December 10, 2007, when Defendants filed their responses to written discovery (*Id.*). As such, this is not "newly discovered evidence" upon which Santiago's Rule 59(e) motion may be granted. Santiago also claims that a change in intervening law—specifically, the Seventh Circuit Court of Appeals' Opinion in *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010)—would have changed this Court's ruling. Specifically, the ruling that Santiago failed to exhaust his administrative remedies because, in part, his grievances lacked sufficient particularity. The problem here, as Defendants correctly note, is that the *Walls* Court was not dealing with the exhaustion requirements of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Instead, the *Walls* Court was determining whether a grievance attached to the active Complaint adequately

In general, relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("*BM&F*"), *quoting Reinsurance Co. Of America Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990); *see also Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) ("Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances."). Rule 60(b), allows a district court to relieve a party from an order or judgment on several narrow grounds, including mistake, inadvertence, surprise, excusable neglect, certain newly discovered evidence, fraud and "any other reason that justifies relief." A Rule 60(b) motion however *cannot* be used to correct legal errors, mistakes or blunders. *Cash v. Illinois Division of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (movant's arguments "cannot be shoe-horned into grounds for Rule 60(b) relief."). Rather, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash,* 209 F.3d at 698. Finally, when deciding whether to grant relief under Rule 60(b), district courts have "great latitude … because that decision 'is discretion piled on discretion.'" *BM&F*, 570 F.3d at 848, *quoting Swaim v. Motan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)(citations omitted).

Given Rule 60(b)'s exacting standard, it should come as no surprise to Santiago that his arguments for reconsideration fall short. First, Santiago does not point to any "exceptional circumstance" justifying this "extraordinary remedy." *Id*. It is not enough to point to evidence that Santiago discovered long ago regarding the Defendants' admission that an investigation into at least one of Santiago's grievances was ongoing. This old evidence is unexceptional.

---

alleged a failure to protect claim under FED. R. CIV. P. 12(b)(6). *Walls*, 599 F.3d at 758-59. As such, there has been no change in the *controlling* law regarding the PLRA's exhaustion requirements, and Santiago's arguments for reconsideration—even when analyzed under Rule 59(e)—fail.

It is also not enough for Santiago to point to an alleged change in controlling law. Santiago argues that the opinion in *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010)—handed down one week after this Court partially granted summary judgment in Defendants' favor—would have changed the outcome. However, Rule 60(b) is not properly used to challenge legal errors. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Further, here, there was no legal error at the time of the Court's ruling; and there still is no legal error in the Court's analysis because, as outlined above in footnote two, the *Walls* Opinion did not even directly impact Santiago's exhaustion claims in this action. Furthermore, "even a post-judgment change of law does not allow relief under Rule 60(b)." *Id.*; *See also Norgaard v. DePuy Orthopaedics, Inc.,* 121 F.3d 1074 (7th Cir.1997); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). Because Santiago has failed to direct this Court to any "exceptional circumstance" justifying the "extraordinary remedy" of Rule 60(b) relief, there is no basis for this Court to grant his Motion to Reconsider.

### D. Conclusion

In light of the foregoing, Santiago's Motion to Reconsider, Alter, or Amend (Doc. 233) this Court's Order Granting Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED October 29th, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge