IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FABIAN SANTIAGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05–512–cv–MJR–CJP |
| | ) |
| C/O ANDERSON, C/O BERNARD, LT. DALLAS, LT. SIEPP, and C/O SMITHSON, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**REAGAN, District Judge:**

**Introduction**

The five Defendants remaining in this action, Robert Smithson, James Bernard, Benny Dallas, Paul Siepp and Jeremy Anderson, have filed a "Supplemental Motion for Summary Judgment" (Doc. 257). Plaintiff Fabian Santiago ("Santiago") has filed a Motion for Summary Judgment as well (Doc. 260). Both motions have been fully briefed by the parties (Docs. 262, 267, 268 and 270), and the Court now rules as follows.

**Remaining Claims**

At this juncture, only the following claims remain:

Count 5: On September 5, 2003, while Santiago was housed at Pontiac Correctional Center, Defendant Anderson imposed cruel and unusual conditions of confinement upon Santiago, in violation of the Eighth Amendment. C/O Anderson allegedly moved Santiago into a cell that was "covered in excrement and reeked an unb[e]arable stench and had a def[e]cated and urine stained mattress." Santiago asked for a new mattress and that the cell be cleaned or that he be provided cleaning supplies, but his requests were denied. Despite numerous grievances, Santiago was forced to endure these conditions for two months.

Count 8: (a) On August 26, 2004, while Santiago was housed at Menard Correctional Center, Defendants Smithson, Bernard, Dallas and Siepp conducted a shake down of Santiago's cell, tearing Santiago's cell apart and leaving "property all over the floor," and they harshly cuffed him, all in retaliation for Santiago exercising rights under the First Amendment; and

(b) Defendant Anderson subjected Santiago to cruel and unusual conditions of confinement on September 5, 2003 (as alleged in Count 5 above), in retaliation for Santiago exercising his rights under the First Amendment.

The Defendants argue that:

1. Defendant Anderson is entitled to summary judgment on the retaliation claim lodged against him in Count 8 (regarding the incident alleged in Count 5) because Santiago cannot establish "but for" causation; and

2. Defendants Smithson, Bernard, Siepp and Dallas are entitled to summary judgment on the retaliation claim lodged against them in Count 8 because there is no evidence that shows protected speech was the reason for Defendants' alleged conduct (Doc. 257).

Santiago argues that:

1. He is entitled to judgment on Count 5 as a matter of law because his evidence establishes a prima facie Eighth Amendment "conditions of confinement" violation;

2. He is entitled to judgment on all aspects of Count 8 as a matter of law because his evidence establishes a prima facie case of retaliation in violation of the First Amendment; and

3. The defendants offer no admissible evidence to contradict his evidence relative to Counts 5 or 8 (Doc. 260).

The parties' divergent positions, and the resolution of their motions, hinges on the standard for liability in this context, and the evidentiary burden that a party must carry to withstand summary judgment. Another key factor in determining the proper outcome of Santiago's remaining claims is the deference that this Court owes to a jury in the area of credibility determinations.

**Analysis**

Under FEDERAL RULE OF CIVIL PROCEDURE 56, Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.,* Inc., 325 F.3d 892, 901 (7th Cir. 2000). The evidence is construed in a light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne,* 91 F.3d 922, 931 (7th Cir. 1996).

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson,* 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. However, credibility determinations must be left to the trier of fact—in this case a jury. *See Hunt v. Cromartie*, 526 U.S. 541, 552 (1990).

In terms of evidence, affidavits must be based on the personal knowledge of the affiant and "set out facts that would be admissible in evidence." Fed.R.Civ.P. 56(e). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.,* 924 F.2d 655, 659 (7th Cir.1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Id.*

### Count 5

Count 5 alleges that Defendant Anderson subjected Santiago to cruel and unusual conditions of confinement in violation of the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294 (1991) (The Eighth Amendment's ban against conditions constituting cruel and unusual punishment applies to the States via the Fourteenth Amendment.). The Eighth Amendment protects inmates from conditions of confinement that are health threats; however, it does not shield them from conditions that cause mere discomfort. *See Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). In order to establish that a condition of confinement violates the Eighth Amendment, a two part test must be satisfied. First, based on an objective determination, the conditions the inmate was required to endure must have exceeded contemporary bounds of decency. *See Wilson*, 501 U.S. at 298; *see also Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). Second, based on a subjective determination, the officials involved must have acted with a sufficiently culpable state of mind. *Id.* Put another way, an inmate must be deprived of the "minimal civilized measure of life's necessities,"*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); and the prison officials must have acted "wantonly"—meaning, they acted with deliberate indifference**.** *Lunsford*, 17 F.3d at 1579.

The Court previously entertained Defendant Anderson's Motion for Summary Judgment relative to the merits of Count 5, and concluded that questions of material fact remained regarding the excrement on the walls, the cleanliness of Santiago's mattress and the smell of the cell

4

(*see* Docs. 168, 213 and 228). Counsel has since been appointed to represent Santiago and the Court permitted the parties to file another round of dispositive motions. The evidence before the Court is substantially the same, so little additional discussion is warranted, except to make explicit what was implicit in the Court's previous analysis.

*Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992), illustrates that conditions of confinement similar to those at issue in this case (filth, constant smells of human waste, and dirty bedding) *can* violate the Eighth Amendment. Although Santiago's direct and circumstantial evidence might allow the Court to conclude that the conditions of Santiago's cell exceeded contemporary bounds of decency, and that the Defendant had the requisite state of mind, it does not require that the Court do so—even when viewing the evidence in the light most favorable to Santiago. Credibility determinations, as well as drawing and/or weighing inferences from the evidence, are functions for the jury. *See Hunt v. Cromartie*, 526 U.S. 541, 552 (1990).

The fact that Defendant Anderson testified at his deposition that he did not recall, one way or the other, whether he transferred Santiago into a cell on September 5, 2003 (Doc. 260-6, p. 49) cannot carry the day for Santiago. Anderson also testified categorically that he would not place any inmate in a cell filthy with urine and excrement (Doc. 260-6, p. 49).[1] And, as Anderson observes, Santiago and his inmate witness are convicted felons, which may undercut their credibility. Again, all of this evidence must be weighed by the jury.

As a result, Santiago is not entitled to summary judgment on Count 5.

### Count 8

Count 8 alleges that Defendant Anderson in 2003, and Defendants Smithson, Bernard, Dallas and Siepp in 2004, acted against Santiago in retaliation for Santiago having

---

[1] Santiago correctly observes that consistent with *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1211 (7th Cir. 1993), Anderson's testimony that he has no recollection about the cell transfer or the cell itself cannot be used as evidence relative to the objective element of the claim, regarding the condition of the cell, because he has no personal knowledge or "sense data" to offer. However, Anderson's statement could be construed as a denial and *may* also be relevant to the subjective element of the claim. The Court need not delve further into this evidentiary issue, as that issue is not properly before the Court.

exercised his First Amendment right to litigate, report staff misconduct, and file grievances. It is well established that prison officials violate the Constitution when they retaliate against a prisoner for filing grievances or initiating lawsuits. *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *Walker v. Thompson,* 288 F.3d 1005, 10008-1009 (7th Cir. 2002). To establish a prima facie case of First Amendment retaliation, a plaintiff must demonstrate that (1) the plaintiff engaged in constitutionally protected speech; (2) the plaintiff suffered a deprivation likely to deter the free exercise of the plaintiff's First Amendment rights; and (3) the plaintiff's speech was a "but-for" cause of the defendant's retaliation. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006); *see also Gross v. FBL Financial Services, Inc*., __U.S.__, 129 S.Ct. 2343 (2009); *Fairley v. Andrews*, 578 F.3d 518, 525-526 (7th Cir. 2009).

Santiago and Defendants, each citing their own evidence, argue that they are each entitled to summary judgment on the retaliation claims. Based on their assertions of a lack of knowledge of any grievances or lawsuits filed by Santiago, Defendants assert that Santiago cannot establish "but for" causation." In contrast, Santiago: (1) infers from the evidence that Defendants knew of his protected speech; and (2) asserts that the fact that an inmate's grievances "could cause" a guard to face discipline establishes a retaliatory motive. Santiago also attempts to raise a variety of evidentiary objections regarding the admissibility of grievance reports due to authentication and hearsay issues.

After reviewing the voluminous evidence submitted by the parties, it is clear that material questions of fact remain which preclude entry of summary judgment on Santiago's retaliation claims. Again, credibility determinations, as well as drawing and/or weighing inferences from the evidence, are functions for the jury. *See Hunt v. Cromartie*, 526 U.S. 541, 552 (1990). A jury must weigh Defendants' assertions of a lack of knowledge against Santiago's assertions and circumstantial evidence (e.g., compare Doc. 257-1, pp. 14-18, to Doc. 257-2, pp. 2-3 and 18-19; and Doc. 257-3, pp. 2-3, 18-19 and 34-35). Of course, if the defendants' knowledge is at issue, it is virtually impossible to establish their mental state. The Court will not reach a conclusion that Santiago himself acknowledges is optional.

As a result, neither Defendants nor Santiago is entitled to summary judgment on Count 8.

### Conclusion

In light of the foregoing analysis:

1. Defendants Robert Smithson, James Bernard, Benny Dallas, Paul Siepp and Jeremy Anderson's "Supplemental Motion for Summary Judgment" (Doc. 257) is **DENIED** in all respects; and

2. Plaintiff Fabian Santiago's Motion for Summary Judgment (Doc. 260) is also **DENIED** in all respects.

Santiago's remaining claims in Counts 5 and 8, **SHALL** proceed to trial.

**IT IS SO ORDERED.**

DATED November 1, 2010.

<u>s/ *Michael J. Reagan*</u>
Michael J. Reagan
United States District Judge